IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                        ORDER

                    Plaintiff,

                                                                  07-cr-168-bbc

          v.

RONALD JAZDZEWSKI,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Counsel for defendant Ronald Jazdzewski has written to the court, objecting to any further continuance of sentencing in this case to allow the government to bring in evidence of other criminal acts that have been ruled not to be relevant conduct in this case.  Counsel is correct in noting that defendant has a right to have his case disposed of promptly. However, I am not persuaded by her argument that the government should not have an opportunity to produce evidence of defendant's other acts.

        It is true that the government bears the burden of proving relevant conduct and any criminal acts that it wants the court to consider in sentencing, but the procedure that has evolved in this court for sentencing is that both parties file objections to anything in the presentence report that they believe is not correct.  If no objection is filed, the court assumes

1

that the party agrees with the probation office's representation of the information in the report.  Defendant objected to the inclusion of his alleged prior criminal acts as relevant conduct, giving both the court and the government notice of his position on that point.  He did not object to the reliability of the information about the prior acts before I ruled that the prior criminal acts would not be considered relevant conduct.  It came as a surprise that counsel had another string to her bow, which was that defendant's former wife had lied about defendant's participation in the crimes she disclosed to law enforcement.

The presentence report contains extensive information about those crimes beyond what defendant's wife disclosed.  For example, Tod Stenson told law enforcement in 2006 that he had bought a number of items from defendant, including a generator and at least two ATVs.  On March 23, 2007, defendant's son, Allen Jazdzewski, told law enforcement that he had been stealing items with defendant starting in 1999, when they stole a riding lawnmower from a church,  He said that he had stolen two motorcycles on one occasion and that his brother had taken them to Florida to sell.  Allen Jazdzewski reported also that he had seen defendant sell a large amount of stolen equipment to Steven Ganser and Pat McNamar, who own and operate Mad City Auto Sales.  Ganser confirmed with law enforcement that he had bought motorcycles, tractors, ATVs, a mower and tools from defendant at "suspiciously low prices."

Defendant made no objection to the information provided by these individuals, either

before the date that objections to the presentence report were due or at the uncompleted

sentencing hearing.  Therefore, I would be able to rely on this information in sentencing

defendant and hold the continued sentencing hearing promptly.  However, in light of

defendant's objections to the reports by his former wife and her son, it seems appropriate

to require the government to make a showing of the reliability of any of those persons who

provided information to law enforcement that defendant questions.

If defendant would prefer to go forward on the information provided by persons other

than his former wife and her son, he should so advise the court and a new date for the

continued sentencing hearing will be set promptly.  If he prefers to put the government to

its proof, then it will be necessary for his counsel to follow the usual procedure of setting out

defendant's objections to specific portions of the presentence report and then requiring the

government to put in its proof in response to those objections.


ORDER

IT IS ORDERED that defendant is to advise the court promptly if he wishes to go

forward promptly with the remainder of the sentencing hearing on the understanding that

he has no objections to any information in the presentence report that he has not previously

objected to.  If he does not so advise the court, the order entered on February 8, 2010 will

3

remain in effect.

Entered this 10th day of February, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4